**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RICKY KAMDEN-OUAFFO,

        Plaintiff,

v.

FEIN, SUCH, KAHN & SHEPARD, P.C., *et. al.*,

        Defendants.

Civil Action No. 22-4174 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

      **THIS MATTER** comes before this Court upon an appeal of two Letter Orders entered by the Honorable Rukhsanah L. Singh, U.S.M.J. (the "Magistrate Judge"), on September 14, 2021 (the "Letter Orders", ECF Nos. 22, 23). The Letter Orders granted Applications for Extension of Time to Answer, Move, or Otherwise Reply (the "Applications") filed by Defendants' Borelli & Associates, P.L.L.C., Michael Borelli, Esq. and Anthony Malecki, Esq. (together, "Borelli Defendants") and Defendants' Fein, Such, Kahn & Shepard, P.C., Philip A. Kahn, Esq., Dolores M. DeAlmeida, Esq., and Brian P.S. McCabe, Esq. (collective, "Fein Defendants"). (*See* ECF Nos. 19, 20, respectively.) Plaintiff filed the instant Appeal (the "Motion", ECF No. 26), along with a brief in support ("Moving Br.", ECF No. 26-1.) Borelli Defendants opposed. ("Borelli Opp'n Br.", ECF No. 27.) Fein Defendants also opposed the Motion. ("Fein Opp'n Br.", ECF No. 30.) Plaintiff replied. ("Reply Br.", ECF No. 32.)

1

Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause shown, the Court AFFIRMS the findings and determinations of the Magistrate Judge.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's initial Complaint, filed on June 21, 2022, alleged Fein Defendants improperly placed levy and garnishment on his TD Bank accounts and seized thousands of dollars of his funds on behalf of their clients, Borelli Defendants.  (Compl. at 5[1], ECF No. 1.)  Plaintiff later filed an Amended Complaint ("Am. Compl.") on August 24, 2022 that added twenty-one additional Defendants.  (*See* Am. Compl., ECF No. 15.)  The Amended Complaint alleges violations of 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and 15 U.S.C. §§ 1692 – 1692(p) on the Fair Debt Collection Practices Act ("FDCPA").  (*See generally* Am. Compl.)

The Applications, initially directed to the Clerk's Office, requested an extension of time to answer, move, or otherwise reply to the Amended Complaint on the basis that:

> 1. No previous extension has been obtained regarding the Amended Complaint;
> 2. Service of Process of the Amended Complaint was effected on August 24, 2022; and
> 3. Time to Answer, Move, or otherwise Reply as to the Amended Complaint expires on September 13, 2022.

(*See* ECF Nos. 19, 20.)

---

[1] Plaintiff's Complaint consists of page numbers in both numbers and Roman Numerals. Accordingly, the Court will refer to the Complaint using the ECF assigned page number.

Plaintiff filed a letter opposing the Applications on the basis that the time to respond to the Amended Complaint had expired on September 7, 2022, rather than September 13, 2022 as Defendants had represented. (ECF No. 21.)

The Clerk's Office denied the Applications because they were out of time and forwarded them to the Magistrate Judge for consideration. (*See* first Clerk's Quality Control Message entered on docket on September 14, 2022.) The Magistrate Judge granted the Applications via the Letter Orders entered the same day. (*See* ECF No. 22, 23.) Also on the same day, Plaintiff filed a request for Entry of Default against Defendants due to their failure to timely respond to the Amended Complaint. (ECF No. 25.) That request was denied by the Clerk's Office. (*See* second Clerk's Quality Control Message entered September 14, 2022.) Two days later, September 16, 2022, Plaintiff filed the instant Appeal that challenges the Letter Orders. (ECF No. 26.)

## II.  **LEGAL STANDARD**

A magistrate judge is "accorded wide discretion in addressing non-dispositive motions." *Marks v. Struble*, 347 F.Supp. 2d 136, 149 (D.N.J. 2004). A magistrate judge's resolution of non-dispositive matters may only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1); *Gunter v. Ridgewood Energy Corp.*, 32 F.Supp. 2d 162, 164 (D.N.J. 1998) (citing 28 U.S.C. § 636(b)(1)(A)). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.RD. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find that the magistrate judge misapplied or misinterpreted the applicable law. *Gunter*, 32 F. Supp. 2d at 164.

The burden of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149. Evidence which was not presented to the magistrate judge may not be used by the district court upon review of the factual determinations. *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 92 (3d Cir.1992). When a non-dispositive matter has been decided by a magistrate judge, the ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Comm. Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). "It follows that a 'magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently.'" *Costa v. County of Burlington*, 584 F. Supp. 2d 681, 684 (D.N.J. 2008) (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994)).

### III. DISCUSSION

Plaintiff asserts that counsel for Defendants obtained an extension of time by "Fraud On The Court." (Moving Br. at 2.) Specifically, Plaintiff contends that the Applications' statement that "Time to Answer, Move, or otherwise Reply as to the Amended Complaint expires on September 13, 2022" was factually and legally false because the time to Answer, Move, or otherwise Reply as to the Amended Complaint had already expired.[2] (*Id*.) Plaintiff additionally argues that neither Defendants nor the Court gave Plaintiff notice that the Court was considering granting an extension. (*Id*.) Plaintiff asserts that the failure to give him notice deprived him of an opportunity to be heard on the issue has resulted in a violation of his Due Process rights. (*Id*. at 2–3.)

---

[2] The Court notes that, while it is essentially irrelevant to the Appeal, Plaintiff is correct with respect to his calculation of the deadline to respond to the Amended Complaint. A defendant who has not waived service is afforded twenty-one days to respond to a complaint when served for the first time under Rule 12(a)(1)(A)(1), but he is given only 14 days to respond to an amended complaint when served thereafter under Rule 15(a)(3). It is the undersigned's experience that counsel and *pro se* parties alike regularly miss this distinction, and Plaintiff has provided no basis for the Court to infer that Defendants' misstatement was the product of fraud and/or collusion rather than merely this common oversight.

In opposition, Borelli Defendants assert that there was no fraud on the Court given that at the time the Magistrate Judge granted the Applications, she was aware that the time for the automatic extension had passed. (Borelli Opp'n Br. at 2.) Borelli Defendants next argue that the Magistrate Judge's decision was neither clearly erroneous nor an abuse of discretion. (*Id*. at 4.) Specifically, Borelli Defendants contend that the extension to answer or otherwise move in response to the Amended Complaint is a minimal delay, has no impact on judicial proceeding, and has led to no danger of prejudice to Plaintiff. (*Id*.)

Similarly, Fein Defendants assert that Plaintiff has failed to demonstrate the Magistrate Judge's decision was erroneous or an abuse of discretion. (Fein Opp'n Br. at 2.) Fein Defendants argue that the time extension was not erroneous, given that Defendants needed more time to address the Amended Complaint, which had increased in length from thirteen pages to eighty-three pages. (*Id*. at 3.)

In reply, Plaintiff insists again that counsel for the Borelli and Fein Defendants committed fraud on the Court. (Reply Br. at 2.) Plaintiff asserts that counsel for Defendants argued that the Magistrate Judge and the Clerk of the Court conspired to approve counsel's "unconscionable schemes of fraud of the court." (*Id*. at 3) (*Id*.) Plaintiff next asserts that he properly electronically submitted an application for entry of default to the Clerk of the Court "well before" the Magistrate Judge issued the Letter Orders. (*Id*. at 4.) Plaintiff argues that the "Clerk of the Court and the Magistrate Judge deliberately delayed the filing of the Plaintiff's Application for Default, so that the Magistrate Judge could rush to issue the [Letter Orders] of extension of time." (*Id*.) He asserts that Defendants should have filed a motion to obtain an Order based upon the theory of "excusable neglect." (*Id*.) Finally, Plaintiff argues that the Letter Orders abridged Plaintiff's right to an expeditious and effective adjudication of his claims against Defendants. (*Id*. at 5.)

Case 3:22-cv-04174-ZNQ-RLS   Document 79   Filed 12/08/22   Page 6 of 6 PageID: 2386

On the record before her—which included Plaintiff's opposition to the Applications—the Magistrate Judge exercised her discretion to grant the Applications. The Letter Orders she issued were well within her authority to dispose of such issues under 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and Local Civil 72.1. Moreover, while under the applicable standard of review the undersigned does not substitute his own judgment for the Magistrate Judge's, it is relatively clear that Defendants' additional time to respond was indeed warranted by the substantial increase in the length of the Amended Complaint. (*Compare* Compl. and Am. Compl.) Plaintiff's claim to a Due Process violation because he was not separately heard by the Magistrate Judge is unfounded because he had already articulated his objections to the Applications in the opposition he filed against them. Likewise, his claim of prejudice by delay of this matter is also unavailing, given that Defendants timely filed their Motions to Dismiss the Amended Complaint within the fourteen days allotted by the Letter Orders. (See ECF Nos. 28, 29.) The Motions to Dismiss are fully briefed, but the Court has yet to decide them. Accordingly, the Magistrate Judge's two-week extension has not led to a material delay of this case.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff has failed to meet his burden to show that the Letter Orders were clearly erroneous or contrary to law. Therefore, Defendant's Motion will be DENIED, and the Magistrate Judge's Letter Orders will be AFFIRMED. An appropriate Order will follow.

Date: **December 8, 2022**

                                                    s/ Zahid N. Quraishi  
                                                    **ZAHID N. QURAISHI**  
                                                    **UNITED STATES DISTRICT JUDGE**