**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICKY KAMDEM-OUAFFO**, <br><br> Plaintiff, <br><br> v. <br><br> **FEIN, SUCH, KAHN & SHEPARD. P.C.**, *et al.*, <br><br> Defendants. | Civil Action No. 22-4174 (ZNQ) (RLS) <br><br> **OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Sanctions pursuant to Federal Rules of Civil Procedure 11 (the "Motion") filed by Plaintiff Ricky Kamden-Ouaffo ("Plaintiff").[1] (ECF No. 50.) Plaintiff filed a brief in support of the Motion ("Moving Br.", ECF No. 50-1) and Defendants Borelli & Associates, P.L.L.C., Michael J. Borelli, Esq., and Anthony Malecki, Esq. (collectively, "Borelli Defendants") opposed ("Opp'n Br.", ECF No. 58). Plaintiff filed a reply. ("Reply Br.", ECF No. 74.)

The Court has carefully considered the parties' submissions and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will deny the Motion.

---

[1] For the sake of brevity, all references herein to "Rule" will be to the Federal Rules of Civil Procedure.

1

I.     **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his first Amended Complaint ("Am. Compl.") on August 24, 2022. (ECF No. 15.)

On October 11, 2022, Plaintiff filed a motion for sanctions against lawyers Greg P. Tabakin, Jeffrey S. Leonard and their respective law firms (ECF No. 33), which the Court denied on May 25, 2023 (ECF No. 155). Plaintiff filed the instant Motion for sanctions on November 16, 2022. (ECF No. 50.)

For purposes of this Motion, the Court will rely on the factual and procedural background set forth in its May 24, 2023 Opinion. (See ECF No. 153.)

II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper" an attorney certifies that it is "not being presented for any improper purpose," "the claims are warranted," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Rule 11(c)(1) states that "if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

In other words, Rule 11 "imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing." *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (quoting *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991)).

In determining whether a party or attorney has violated the duties of Rule 11, the Court "must apply an objective standard of reasonableness under the circumstances." *Mary Ann*

*Pensiero, Inc. v. Lingle*, 847 F.2d 90, 92 (3d Cir. 1988) (citing *Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 718, 727 (3d Cir. 1988)); *see also Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 185 (3d Cir. 2008) ("It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court."). The Third Circuit has held that "[a]n inquiry is considered reasonable under the circumstances if it provides the party with "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Bensalem Twp.*, 38 F.3d at 1314.

### III. DISCUSSION

Plaintiff essentially moves for sanctions because he contends that Borelli Defendants filed a frivolous motion to dismiss. (*See generally*, Moving Br.) Borelli Defendants first argue in opposition that Plaintiff has failed to follow the requirements of Rule 11 before bringing this Motion. (Opp'n Br. at 1.) Borelli Defendants specifically contend that (1) Plaintiff failed to advise Borelli Defendants that he considered their filings to be frivolous and (2) failed to provide a copy of his motion or provide 21 days to withdraw the papers which he believed to be frivolous before filing the instant Motion. (*Id.*) Borelli Defendants argue that the Motion should be denied without consideration of whether it has merit. (*Id.*)

Plaintiff failed to comply with Rule 11(c)(2), which requires that a sanctions motion be "made separately from any other motion," and that it be served but not "filed or. . .presented to the court if the challenged [action] is withdrawn or appropriately corrected within 21 days after service [.]" Rule 11(c)(2). Plaintiff failed to serve the motion upon Borelli Defendants and wait twenty-one days before filing it. (*See* Opp'n Br. at 1.) While Borelli Defendants objected to these procedural infirmities when it responded to the Motion, Plaintiff took no corrective action. (*See*

3

*generally*, Reply Br.); *See also Metropolitan Life Ins. Co. v. Kalenevitch*, 502 F.App'x 123, 125 (3d Cir. 2012).

The Third Circuit has recognized that, "[i]f the twenty-one day period is not provided, the [Rule 11] motion *must* be denied." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008) (emphasis added).  Accordingly, Plaintiff's sanctions request does not comply with Rule 11(c)(2).

Although this Court has "traditionally given pro se litigants greater leeway where they have not followed the technical rules of pleading and procedure," *Tabron v. Grace*, 6 F.3d 147, 153 n. 2 (3d Cir. 1993), the Court is satisfied that faulting Plaintiff for failure to comply with Rule 11(c)(2) is not inconsistent with this principle.  *See Metropolitan Life Ins. Co.*, 502 F. App'x at 125.  In addition, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).  "The procedural steps mandated by Rule 11(c)(2) are not mere technical rules, but rather serve the substantial function of 'giv[ing] the offending party a safe harbor within which to withdraw or correct the offending pleading.'" *Metropolitan Life Ins. Co.*, 502 F. App'x at 125 (quoting *Matrix IV, Inc. v. Am. Nat. Bank & Trust Co. of Chicago*, 649 F.3d 539, 552 (7th Cir. 2011)). In light of these considerations, Plaintiff's failure to comply with Rule 11(c)(2) cannot be excused.

**CONCLUSION**

For the reasons stated above, the Court will DENY Plaintiff's Motion for Sanctions. An appropriate Order will follow.

**Date: June 2, 2023**

                                          s/ Zahid N. Quraishi
                                        **ZAHID N. QURAISHI**
                                        **UNITED STATES DISTRICT JUDGE**